# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF SOUTH CAROLINA - GREENVILLE

LARRY GOLDEN,

              Plaintiff,

              V.

(1) APPLE INC.
(2) SAMSUNG ELECTRONICS, USA
(3) LG ELECTRONICS, USA, INC.
(4) QUALCOMM INC.
(5) MOTOROLA SOLUTIONS INC.
(6) PANASONIC CORPORATION
(7) AT&T INC.
(8) VERIZON CORPORATE SERVICES GROUP
(9) SPRINT CORPORATION
(10) T-MOBILE USA, INC.
(11) FORD GLOBAL TECHNOLOGIES, LLC
(12) FAIRWAY FORD LINCOLN OF GREENVILLE
(13) GENERAL MOTORS COMPANY
(14) KEVIN WHITAKER CHEVROLET
(15) FCA US LLC
(16) BIG O DODGE CHRYSLER JEEP RAM

              Defendants.

CIVIL CASE NO: _____

**JURY TRIAL DEMANDED**

September 16, 2019

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action of patent infringement in which plaintiff, Larry Golden

("Golden"), complains against defendants, Apple Inc. ("Apple"), Samsung

Electronics, USA ("Samsung"), LG Electronics, USA, Inc. ("LG"), Qualcomm

Inc. ("Qualcomm"), Motorola Solutions Inc. ("Motorola"), Panasonic Corporation

("Panasonic"), AT&T Inc. ("AT&T"), Verizon Corporation Services Group

("Verizon"), Sprint Corporation ("Sprint"), T-Mobile USA, Inc. ("T-Mobile"),

Ford Global Technologies, LLC ("Ford"), Fairway Ford Lincoln of Greenville

("Fairway Ford"), General Motors Company ("GM"), Kevin Whitaker Chevrolet

("Whitaker Chevrolet"), FCA US LLC ("FCA"), and Big O Dodge Chrysler Jeep

Ram ("Big O") as follows:

## THE PARTIES

1.      Plaintiff Larry Golden is a citizen of South Carolina and has a

principal place of business and residence at 740 Woodruff Road, #1102,

Greenville, S.C. 29607.

2.      On information and belief, Apple is a California corporation with a

principal place of business at 1 Infinite Loop, Cupertino, CA 95014 and does

business in this judicial district by, among other things, committing jointly, directly

and/or indirectly the tort of patent infringement giving rise to this complaint. Apple

may be served at its principal place of business at 1 Infinite Loop, Cupertino, CA

95014.

3.      On information and belief, Samsung is a New Jersey corporation with

a principal place of business at 85 Challenger Rd. Ridgefield Park, New Jersey

07660 and does business in this judicial district by, among other things,

2

committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Samsung may be served at its principal place of business at 85 Challenger Rd. Ridgefield Park, New Jersey 07660.

4.    On information and belief, LG is a New Jersey corporation with a principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. LG may be served at its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

5.    On information and belief, Qualcomm is a California corporation with a principal place of business at 5775 Morehouse Drive, San Diego, CA 92121 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Qualcomm may be served at its principal place of business at 5775 Morehouse Drive, San Diego, CA 92121.

6.    On information and belief, Motorola is an Illinois corporation with a principal place of business at 500 W Monroe Street, Suite 4400, Chicago, IL 60661 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving

rise to this complaint. Motorola may be served at its principal place of business at 500 W Monroe Street, Suite 4400, Chicago, IL 60661.

7.     On information and belief, Panasonic is a New Jersey corporation with a principal place of business at Two Riverfront Plaza, 828 McCarter Hwy, Newark, NJ 07102 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Panasonic may be served at its principal place of business at Two Riverfront Plaza, 828 McCarter Hwy, Newark, NJ 07102.

8.     On information and belief, AT&T is a Texas corporation with a principal place of business at 208 S. Akard St. Dallas, TX 75202 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. AT&T may be served at its principal place of business at 208 S. Akard St. Dallas, TX 75202.

9.     On information and belief, Verizon is a New Jersey corporation with a principal place of business at 295 N. Maple Ave. Basking Ridge, NJ 07920 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Verizon may be served at its principal place of business at 295 N. Maple Ave. Basking Ridge, NJ 07920.

10.    On information and belief, Sprint is a Kansas corporation with a principal place of business at 6200 Sprint Pkwy. Overland Park, KS 66251 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Sprint may be served at its principal place of business at 6200 Sprint Pkwy. Overland Park, KS 66251.

11.    On information and belief, T-Mobile is a Washington corporation with a principal place of business at 12920 SE 38th St. Bellevue, WA 98006 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. T-Mobile may be served at its principal place of business at 12920 SE 38th St. Bellevue, WA 98006.

12.    On information and belief, Ford is a Michigan corporation with a principal place of business at Fairlane Plaza South, Suite 800, 330 Town Center Drive, Dearborn, Michigan 48126 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Ford may be served at its principal place of business at Fairlane Plaza South, Suite 800, 330 Town Center Drive, Dearborn, Michigan 48126.

13.    On information and belief, Fairway Ford is a South Carolina corporation with a principal place of business at 2323 Laurens Road, Greenville, SC 29607and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Fairway Ford may be served at its principal place of business at 2323 Laurens Road, Greenville, SC.

14.    On information and belief, GM is a Michigan corporation with a principal place of business at 300 Renaissance Center, Detroit, MI 48243 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. GM may be served at its principal place of business at 300 Renaissance Center, Detroit, MI 48243.

15.    On information and belief, Whitaker Chevrolet is a South Carolina corporation with a principal place of business at 2320 Laurens Rd. Greenville, SC 29607 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Whitaker Chevrolet may be served at its principal place of business at 2320 Laurens Rd. Greenville, SC 29607.

16.    On information and belief, FCA is a Michigan corporation with a principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326 and

does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. FCA may be served at its principal place of business at 1000 Chrysler Drive, Auburn Hills, MI 48326.

17.    On information and belief, Big O is a South Carolina corporation with a principal place of business at 2645 Laurens Rd. Greenville, SC 29607 and does business in this judicial district by, among other things, committing jointly, directly and/or indirectly the tort of patent infringement giving rise to this complaint. Big O may be served at its principal place of business at 2645 Laurens Rd. Greenville, SC 29607.

## JURISDICTION AND VENUE

18.    This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§§ 1331, 1332(a) and 1338(a).

19.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each defendant has purposely transacted business in this judicial district and has committed acts of joint, direct and/or indirect infringement in this judicial district.

20.    On information and belief, each defendant is subject to this Court's specific and general personal jurisdiction, due at least to their substantial business

in this forum, including: (A) at least part of their infringing activities alleged

herein, and (B) regularly doing or soliciting business, engaging in others persistent

causes of conduct, and/or deriving substantial revenue from goods and services

provided to persons and other entities in South Carolina and this judicial district.

Each defendant has allegedly used, sold, and/or offered products for sale in South

Carolina and is licensed to do business in this state.

21.    This Court has specific jurisdiction over each defendant because each

has committed acts giving rise to this action and has established minimum contacts

within this judicial district such that the exercise of jurisdiction over each

defendant would not offend traditional notions of fair play and justice.

## GOLDEN AND THE PATENTS-IN-SUIT

22.    Significant advancements in mobile technology have occurred since

September 11, 2001, both in the advancement of the Golden's claimed

Communicating, Monitoring, Detecting, and Controlling (CMDC) devices and the

infrastructures that support them.

23.    Since Golden began, his planned strategy for the CMDC device was:

to have a device capable of communicating, monitoring, detecting, and controlling;

to have a device capable of interconnecting with other computing devices,

products, methods, and systems from various governmental agencies, industries,

and private companies; to have a device capable of detecting for chemical and

biological biometric signatures of humans; to have a device capable of monitoring and reporting over cellular networks, government mobile networks, satellite networks, Wi-Fi networks, and capable of viewing the environment in real time; and, to have a CMDC mobile device that can operate equally and seamlessly via traditional cellular networks, as well as with infrastructure/ad hoc wireless networks.

24.     Golden's CMDC device was, and is, designed for integration with at least that of remote locking mechanisms, remote and pre-programmed stall, stop, and/or vehicle slowdown systems, and mobile detection devices (e.g. smartwatches).

25.     Golden's CMDC devices are being manufactured, sold, used, and offered for sale by the alleged infringers as new and improved desktop computers, new and improved PDAs, PCs, laptops, cell phones, tablets, smartphones, and other wearables such as smartwatches, etc. Golden has obtained several United States patents that cover various aspects of his Communicating, Monitoring, Detecting, and Controlling (CMDC) device:

26.     On December 25, 2018, the United States Patent and Trademark Office (the "PTO") issued Patent No. 10,163,287 ("the '287 Patent"), entitled "Multi Sensor Detection, Stall to Stop and Lock Disabling System", to Larry Golden. A true and correct copy of the '287 Patent is attached hereto as **Exhibit A**.

9

27.     On March 07, 2017, the United States Patent and Trademark Office (the "PTO") issued Patent No. 9,589,439 ("the '439 Patent"), entitled "Multi Sensor Detection, Stall to Stop and Lock Disabling System", to Larry Golden. A true and correct copy of the '439 Patent is attached hereto as **Exhibit B**.

28.     On August 04, 2015, the United States Patent and Trademark Office (the "PTO") issued Patent No. 9,096,189 ("the '189 Patent"), entitled "Multi Sensor Detection, Stall to Stop and Lock Disabling System", to Larry Golden. A true and correct copy of the '189 Patent is attached hereto as **Exhibit C**.

29.     On February 12, 2013, the United States Patent and Trademark Office (the "PTO") re-issued Patent No. RE43,990 ("the '990 Patent"), entitled "Multi Sensor Detection, Stall to Stop and Lock Disabling System", to Larry Golden. A true and correct copy of the '990 Patent is attached hereto as **Exhibit D**.

30.     On January 01, 2013, the United States Patent and Trademark Office (the "PTO") issued Patent No. RE43,891 ("the '891 Patent"), entitled "Multi Sensor Detection, Stall to Stop and Lock Disabling System", to Larry Golden. A true and correct copy of the '891 Patent is attached hereto as **Exhibit E**.

31.     On June 10, 2008, the United States Patent and Trademark Office (the "PTO") issued Patent No. 7,385,497 ("the '497 Patent"), entitled "Multi Sensor Detection, and Lock Disabling System", to Larry Golden. A true and correct copy of the '497 Patent is attached hereto as **Exhibit F**.

32.     Golden is the owner by assignment of all rights, title and interest to and in the '287 Patent, the '439 Patent, the 189 Patent, the '990 Patent, the '891 Patent and the '497 Patent.

## COUNT I
### (Infringement of the '287 Patent)

33.     Golden realleges and incorporates herein the allegations set forth in Paragraphs 1-32.

34.     On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Apple is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

35.     On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making,

11

using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Apple is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

36.     The infringement of Apple identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering

the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

37.     On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Samsung is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

38.     On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet

used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Samsung is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

39.     The infringement of Samsung identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

40.     On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and LG is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

41.     On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical /

15

biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and LG is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

42.     The infringement of LG identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

43.     On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Qualcomm is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

44.    On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling

mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Qualcomm is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

45.    The infringement of Qualcomm identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

46.    On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement

contentions that Motorola is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '287 patent and Motorola is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

47.     On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary

infringement contentions that Motorola is making, using, offering for sale, selling

and/or importing of the CMDC device have at a minimum directly infringed the

'287 patent and Motorola is thereby liable for infringement of the '287 patent

pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which

infringement and damage will continue unless and until Motorola is enjoined.

48.    The infringement of Motorola identified in this Count has caused

irreparable injury to Golden for which remedies at law are inadequate. Considering

the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public

interest.

49.    On information and belief, Panasonic is jointly, directly and/or

indirectly infringing at least one claim of the '287 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications

devices (i.e. smartphones, laptops, tablets, smartwatches) including without

limitation the CMDC device. As set forth in Golden's preliminary infringement

contentions that Panasonic is making, using, offering for sale, selling and/or

importing of the CMDC device have at a minimum directly infringed the '287

patent and Panasonic is thereby liable for infringement of the '287 patent pursuant

to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement

and damage will continue unless and until Panasonic is enjoined.

50.     On information and belief, Panasonic is jointly, directly and/or

indirectly infringing at least one claim of the '287 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications

devices that includes, without limitation the CMDC's global positioning system

(GPS) used with CMDC devices for locating and tracking; the CMDC's internet

used with CMDC devices for mobile internet to fit the dimensions of a CMDC

device; the CMDC's central processing unit used with CMDC devices for mobile

application processing i.e. system-on-a-chip (SoC); the CMDC's chemical /

biological monitoring used with CMDC devices for monitoring human heartrate;

the CMDC's radio frequency near-field communication (NFC) used with CMDC

devices for short-range reading of NFC tags; the CMDC's lock disabling

mechanism used with CMDC devices for locking the CMDC device after several

failed attempts to open the CMDC device; and, the CMDC's biometric

identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary

infringement contentions that Panasonic is making, using, offering for sale, selling

and/or importing of the CMDC device have at a minimum directly infringed the

'287 patent and Panasonic is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement and damage will continue unless and until Panasonic is enjoined.

51.     The infringement of Panasonic identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

52.     On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and AT&T is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

53.    On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and AT&T is thereby liable for infringement of the '287

23

patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

54.     The infringement of AT&T identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

55.     On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Verizon is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

56.     On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Verizon is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

57.    The infringement of Verizon identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

58.    On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Sprint is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

59.    On information and belief, Sprint jointly, is directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices

that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Sprint is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

60.    The infringement of Sprint identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public interest.

61.     On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and T-Mobile is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

62.     On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device;

28

the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and T-Mobile is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

63.     The infringement of T-Mobile identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

64.    On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Ford is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

65.    On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning

30

system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Ford is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

66.    The infringement of Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public interest.

67.    On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Fairway Ford is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

68.    On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's

engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Fairway Ford is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

69.     The infringement of Fairway Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

70.     On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and GM is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

71.     On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices

that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and GM is thereby liable for infringement of

the '287 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

72.    The infringement of GM identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

73.    On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Whitaker Chevrolet is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

74.     On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary

infringement contentions that Whitaker Chevrolet is using, offering for sale, selling

and/or importing of the CMDC device have at a minimum directly and/or

indirectly infringed the '287 patent and Whitaker Chevrolet is thereby liable for

infringement of the '287 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet

have caused damage to Golden, which infringement and damage will continue

unless and until Whitaker Chevrolet is enjoined.

75.     The infringement of Whitaker Chevrolet identified in this Count has

caused irreparable injury to Golden for which remedies at law are inadequate.

Considering the balance of the hardships between the parties, a remedy in equity,

such as a permanent injunction is warranted and such a remedy would be in the

public interest.

76.     On information and belief, FCA is jointly, directly and/or indirectly

infringing at least one claim of the '287 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using,

offering for sale, selling and/or importing computerized communications devices

(i.e. smartphones, laptops, tablets, smartwatches) including without limitation the

CMDC device. As set forth in Golden's preliminary infringement contentions that

FCA is using, offering for sale, selling and/or importing of the CMDC device have

at a minimum directly and/or indirectly infringed the '287 patent and FCA is

thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

77.    On information and belief, FCA is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking

the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and FCA is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

78.     The infringement of FCA identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

79.     On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device

have at a minimum directly and/or indirectly infringed the '287 patent and Big O is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

80.     On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '287 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC

tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '287 patent and Big O is thereby liable for infringement of the '287 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

81.    The infringement of Big O identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**COUNT II**
**(Infringement of the '439 Patent)**

82.    Golden realleges and incorporates herein the allegations set forth in Paragraphs 1-81.

83.    On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making,

42

using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Apple is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

84.    On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling

mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Apple is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

85.    The infringement of Apple identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

86.    On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement

contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Samsung is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

87.     On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Samsung is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

88.    The infringement of Samsung identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

89.    On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and LG is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. LG

46

have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

90.     On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439

47

patent and LG is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

91.    The infringement of LG identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

92.    On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Qualcomm is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

93.    On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Qualcomm is thereby liable for infringement of the '439 patent

pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

94.    The infringement of Qualcomm identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

95.    On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Motorola is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Motorola is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

96.    On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Motorola is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Motorola is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

97.     The infringement of Motorola identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

98.     On information and belief, Panasonic is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Panasonic is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Panasonic is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement and damage will continue unless and until Panasonic is enjoined.

99.     On information and belief, Panasonic is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications

devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Panasonic is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '439 patent and Panasonic is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement and damage will continue unless and until Panasonic is enjoined.

100.   The infringement of Panasonic identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public interest.

101.   On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and AT&T is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

102.   On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device;

the CMDC's central processing unit used with CMDC devices for mobile

application processing i.e. system-on-a-chip (SoC); the CMDC's chemical /

biological monitoring used with CMDC devices for monitoring human heartrate;

the CMDC's radio frequency near-field communication (NFC) used with CMDC

devices for short-range reading of NFC tags; the CMDC's lock disabling

mechanism used with CMDC devices for locking the CMDC device after several

failed attempts to open the CMDC device; and, the CMDC's biometric

identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary

infringement contentions that AT&T is using, offering for sale, selling and/or

importing of the CMDC device have at a minimum directly and/or indirectly

infringed the '439 patent and AT&T is thereby liable for infringement of the '439

patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which

infringement and damage will continue unless and until AT&T is enjoined.

103.   The infringement of AT&T identified in this Count has caused

irreparable injury to Golden for which remedies at law are inadequate. Considering

the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public

interest.

104.   On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Verizon is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

105.   On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical /

biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Verizon is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

106.    The infringement of Verizon identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

107.    On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using,

offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Sprint is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

108.   On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling

mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Sprint is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

109.   The infringement of Sprint identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

110.   On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that

T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and T-Mobile is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

111.   On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and T-Mobile is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

112.    The infringement of T-Mobile identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

113.    On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Ford is

61

thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

114.   On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking

the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Ford is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

115.   The infringement of Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

116.   On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC

device have at a minimum directly and/or indirectly infringed the '439 patent and Fairway Ford is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

117.   On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC

tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Fairway Ford is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

118.    The infringement of Fairway Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

119.    On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the

CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and GM is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

120.   On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC

devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and GM is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

121.    The infringement of GM identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

122.    On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized

communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Whitaker Chevrolet is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

123.   On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the

CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Whitaker Chevrolet is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

124.    The infringement of Whitaker Chevrolet identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

125.   On information and belief, FCA is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and FCA is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

126.   On information and belief, FCA is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning

system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and FCA is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

127.   The infringement of FCA identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public interest.

128.   On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Big O is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

129.   On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '439 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's

engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '439 patent and Big O is thereby liable for infringement of the '439 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

130.    The infringement of Big O identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering

the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## COUNT III
### (Infringement of the '189 Patent)

131.   Golden realleges and incorporates herein the allegations set forth in Paragraphs 1-130.

132.   On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Apple is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

133.   On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making,

74

using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Apple is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

134.    The infringement of Apple identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering

the balance of the hardships between the parties, a remedy in equity, such as a
permanent injunction is warranted and such a remedy would be in the public
interest.

135.   On information and belief, Samsung is jointly, directly and/or
indirectly infringing at least one claim of the '189 patent in this judicial district and
elsewhere in South Carolina and the United States by, among other things, making,
using, offering for sale, selling and/or importing computerized communications
devices (i.e. smartphones, laptops, tablets, smartwatches) including without
limitation the CMDC device. As set forth in Golden's preliminary infringement
contentions that Samsung is making, using, offering for sale, selling and/or
importing of the CMDC device have at a minimum directly infringed the '189
patent and Samsung is thereby liable for infringement of the '189 patent pursuant
to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement
and damage will continue unless and until Samsung is enjoined.

136.   On information and belief, Samsung is jointly, directly and/or
indirectly infringing at least one claim of the '189 patent in this judicial district and
elsewhere in South Carolina and the United States by, among other things, making,
using, offering for sale, selling and/or importing computerized communications
devices that includes, without limitation the CMDC's global positioning system
(GPS) used with CMDC devices for locating and tracking; the CMDC's internet

used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Samsung is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

137.    The infringement of Samsung identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

138.   On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and LG is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

139.   On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical /

biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and LG is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

140.   The infringement of LG identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

141.   On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Qualcomm is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

142.   On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling

mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Qualcomm is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

143.    The infringement of Qualcomm identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

144.    On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement

contentions that Motorola is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Motorola is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

145.   On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Motorola is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Motorola is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

146.    The infringement of Motorola identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

147.    On information and belief, Panasonic is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Panasonic is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '189 patent and Panasonic is thereby liable for infringement of the '189 patent pursuant

to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement and damage will continue unless and until Panasonic is enjoined.

148.   On information and belief, Panasonic is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Panasonic is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the

'189 patent and Panasonic is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement and damage will continue unless and until Panasonic is enjoined.

149.    The infringement of Panasonic identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

150.    On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and AT&T is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

151.   On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and AT&T is thereby liable for infringement of the '189

patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

152.   The infringement of AT&T identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

153.   On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Verizon is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

154.   On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Verizon is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

155.    The infringement of Verizon identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

156.    On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Sprint is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

157.    On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices

89

that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Sprint is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

158.    The infringement of Sprint identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public interest.

159.   On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and T-Mobile is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

160.   On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device;

91

the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and T-Mobile is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

161.    The infringement of T-Mobile identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

162.   On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Ford is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

163.   On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning

system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Ford is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

164.   The infringement of Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

94

permanent injunction is warranted and such a remedy would be in the public interest.

165.   On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Fairway Ford is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

166.   On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's

engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Fairway Ford is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

167.    The infringement of Fairway Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

168.    On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and GM is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

169.    On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices

that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and GM is thereby liable for infringement of

the '189 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

170.   The infringement of GM identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

171.   On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Whitaker Chevrolet is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

172.   On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's remote lock/unlock used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's chemical / biological monitoring used with CMDC devices for monitoring human heartrate; the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an

authorized user of the CMDC device. As set forth in Golden's preliminary

infringement contentions that Whitaker Chevrolet is using, offering for sale, selling

and/or importing of the CMDC device have at a minimum directly and/or

indirectly infringed the '189 patent and Whitaker Chevrolet is thereby liable for

infringement of the '189 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet

have caused damage to Golden, which infringement and damage will continue

unless and until Whitaker Chevrolet is enjoined.

173.    The infringement of Whitaker Chevrolet identified in this Count has

caused irreparable injury to Golden for which remedies at law are inadequate.

Considering the balance of the hardships between the parties, a remedy in equity,

such as a permanent injunction is warranted and such a remedy would be in the

public interest.

174.    On information and belief, FCA is jointly, directly and/or indirectly

infringing at least one claim of the '189 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using,

offering for sale, selling and/or importing computerized communications devices

(i.e. smartphones, laptops, tablets, smartwatches) including without limitation the

CMDC device. As set forth in Golden's preliminary infringement contentions that

FCA is using, offering for sale, selling and/or importing of the CMDC device have

at a minimum directly and/or indirectly infringed the '189 patent and FCA is

thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271.

FCA have caused damage to Golden, which infringement and damage will

continue unless and until FCA is enjoined.

175.   On information and belief, FCA is jointly, directly and/or indirectly

infringing at least one claim of the '189 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using,

offering for sale, selling and/or importing computerized communications devices

that includes, without limitation the CMDC's remote lock/unlock used with

CMDC devices for locking and unlocking vehicle doors; the CMDC's remote

ignition start/stop used with CMDC devices for starting and stopping the vehicle's

engine; the CMDC's remote operating systems controls used with CMDC devices

for operating the heating and cooling controls; the CMDC's global positioning

system (GPS) used with CMDC devices for locating and tracking the vehicle; the

CMDC's internet used with CMDC devices for mobile internet (i.e. the connected

vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing

unit used with CMDC devices for mobile application processing i.e. system-on-a-

chip (SoC); the CMDC's chemical / biological monitoring used with CMDC

devices for monitoring human heartrate; the CMDC's radio frequency near-field

communication (NFC) used with CMDC devices for short-range reading of NFC

tags; the CMDC's lock disabling mechanism used with CMDC devices for locking

the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and FCA is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

176.   The infringement of FCA identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

177.   On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '189 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device

have at a minimum directly and/or indirectly infringed the '189 patent and Big O is

thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Big

O have caused damage to Golden, which infringement and damage will continue

unless and until Big O is enjoined.

178.    On information and belief, Big O is jointly, directly and/or indirectly

infringing at least one claim of the '189 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using,

offering for sale, selling and/or importing computerized communications devices

that includes, without limitation the CMDC's remote lock/unlock used with

CMDC devices for locking and unlocking vehicle doors; the CMDC's remote

ignition start/stop used with CMDC devices for starting and stopping the vehicle's

engine; the CMDC's remote operating systems controls used with CMDC devices

for operating the heating and cooling controls; the CMDC's global positioning

system (GPS) used with CMDC devices for locating and tracking the vehicle; the

CMDC's internet used with CMDC devices for mobile internet (i.e. the connected

vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing

unit used with CMDC devices for mobile application processing i.e. system-on-a-

chip (SoC); the CMDC's chemical / biological monitoring used with CMDC

devices for monitoring human heartrate; the CMDC's radio frequency near-field

communication (NFC) used with CMDC devices for short-range reading of NFC

tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '189 patent and Big O is thereby liable for infringement of the '189 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

179.   The infringement of Big O identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**COUNT IV**
**(Infringement of the '990 Patent)**

180.   Golden realleges and incorporates herein the allegations set forth in Paragraphs 1-179.

181.   On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Apple is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

182.    On information and belief, Apple is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio

frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Apple is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

183.    The infringement of Apple identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

184.    On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications

devices (i.e. smartphones, laptops, tablets, smartwatches) including without

limitation the CMDC device. As set forth in Golden's preliminary infringement

contentions that Samsung is making, using, offering for sale, selling and/or

importing of the CMDC device have at a minimum directly infringed the '990

patent and Samsung is thereby liable for infringement of the '990 patent pursuant

to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement

and damage will continue unless and until Samsung is enjoined.

185.   On information and belief, Samsung is jointly, directly and/or

indirectly infringing at least one claim of the '990 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications

devices that includes, without limitation the CMDC's multi-sensor detection

system (i.e. home security system) used with CMDC devices for home monitoring;

the CMDC's internal or external remote/electrical lock disabler used with CMDC

devices for locking and unlocking home doors; the CMDC's global positioning

system (GPS) used with CMDC devices for locating and tracking; the CMDC's

internet used with CMDC devices for mobile internet to fit the dimensions of a

CMDC device; the CMDC's central processing unit used with CMDC devices for

mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio

frequency near-field communication (NFC) used with CMDC devices for short-

range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Samsung is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

186.    The infringement of Samsung identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

187.    On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without

limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and LG is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

188.    On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with

CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and LG is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

189.    The infringement of LG identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

190.    On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement

contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Qualcomm is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

191.    On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open

the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Qualcomm is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

192.    The infringement of Qualcomm identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

193.    On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Motorola is making, using, offering for sale, selling and/or

importing of the CMDC device have at a minimum directly infringed the '990 patent and Motorola is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

194.    On information and belief, Motorola is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint,

facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Motorola is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Motorola is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Motorola have caused damage to Golden, which infringement and damage will continue unless and until Motorola is enjoined.

195.   The infringement of Motorola identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

196.   On information and belief, Panasonic is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Panasonic is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990

patent and Panasonic is thereby liable for infringement of the '990 patent pursuant

to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement

and damage will continue unless and until Panasonic is enjoined.

197.   On information and belief, Panasonic is jointly, directly and/or

indirectly infringing at least one claim of the '990 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications

devices that includes, without limitation the CMDC's multi-sensor detection

system (i.e. home security system) used with CMDC devices for home monitoring;

the CMDC's internal or external remote/electrical lock disabler used with CMDC

devices for locking and unlocking home doors; the CMDC's global positioning

system (GPS) used with CMDC devices for locating and tracking; the CMDC's

internet used with CMDC devices for mobile internet to fit the dimensions of a

CMDC device; the CMDC's central processing unit used with CMDC devices for

mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio

frequency near-field communication (NFC) used with CMDC devices for short-

range reading of NFC tags; the CMDC's lock disabling mechanism used with

CMDC devices for locking the CMDC device after several failed attempts to open

the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint,

facial) used with CMDC devices for identifying an authorized user of the CMDC

device. As set forth in Golden's preliminary infringement contentions that Panasonic is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '990 patent and Panasonic is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Panasonic have caused damage to Golden, which infringement and damage will continue unless and until Panasonic is enjoined.

198.    The infringement of Panasonic identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

199.    On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and AT&T is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271.

AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

200.    On information and belief, AT&T is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that AT&T

is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and AT&T is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. AT&T have caused damage to Golden, which infringement and damage will continue unless and until AT&T is enjoined.

201.   The infringement of AT&T identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

202.   On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Verizon is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271.

Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

203.   On information and belief, Verizon is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Verizon

is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Verizon is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Verizon have caused damage to Golden, which infringement and damage will continue unless and until Verizon is enjoined.

204.    The infringement of Verizon identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

205.    On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Sprint is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271.

Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

206.    On information and belief, Sprint is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Sprint is

using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Sprint is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Sprint have caused damage to Golden, which infringement and damage will continue unless and until Sprint is enjoined.

207.    The infringement of Sprint identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

208.    On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that T-Mobile is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and T-Mobile is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. §

271. T-Mobile have caused damage to Golden, which infringement and damage will continue unless and until T-Mobile is enjoined.

209.   On information and belief, T-Mobile is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. home security system) used with CMDC devices for home monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking home doors; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking; the CMDC's internet used with CMDC devices for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that T-

Mobile is using, offering for sale, selling and/or importing of the CMDC device
have at a minimum directly and/or indirectly infringed the '990 patent and T-
Mobile is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. §
271. T-Mobile have caused damage to Golden, which infringement and damage
will continue unless and until T-Mobile is enjoined.

210.    The infringement of T-Mobile identified in this Count has caused
irreparable injury to Golden for which remedies at law are inadequate. Considering
the balance of the hardships between the parties, a remedy in equity, such as a
permanent injunction is warranted and such a remedy would be in the public
interest.

211.    On information and belief, Ford is jointly, directly and/or indirectly
infringing at least one claim of the '990 patent in this judicial district and
elsewhere in South Carolina and the United States by, among other things, using,
offering for sale, selling and/or importing computerized communications devices
(i.e. smartphones, laptops, tablets, smartwatches) including without limitation the
CMDC device. As set forth in Golden's preliminary infringement contentions that
Ford is using, offering for sale, selling and/or importing of the CMDC device have
at a minimum directly and/or indirectly infringed the '990 patent and Ford is
thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271.

Ford have caused damage to Golden, which infringement and damage will
continue unless and until Ford is enjoined.

212.   On information and belief, Ford is jointly, directly and/or indirectly
infringing at least one claim of the '990 patent in this judicial district and
elsewhere in South Carolina and the United States by, among other things, using,
offering for sale, selling and/or importing computerized communications devices
that includes, without limitation the CMDC's multi-sensor detection system (i.e.
vehicle security system) used with CMDC devices for vehicle monitoring; the
CMDC's internal or external remote/electrical lock disabler used with CMDC
devices for locking and unlocking vehicle doors; the CMDC's remote ignition
start/stop used with CMDC devices for starting and stopping the vehicle's engine;
the CMDC's remote operating systems controls used with CMDC devices for
operating the heating and cooling controls; the CMDC's global positioning system
(GPS) used with CMDC devices for locating and tracking the vehicle; the
CMDC's internet used with CMDC devices for mobile internet (i.e. the connected
vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing
unit used with CMDC devices for mobile application processing i.e. system-on-a-
chip (SoC); the CMDC's radio frequency near-field communication (NFC) used
with CMDC devices for short-range reading of NFC tags; the CMDC's lock
disabling mechanism used with CMDC devices for locking the CMDC device after

several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Ford is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

213.    The infringement of Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

214.    On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC

127

device have at a minimum directly and/or indirectly infringed the '990 patent and Fairway Ford is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

215.   On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. vehicle security system) used with CMDC devices for vehicle monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used

with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Fairway Ford is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

216.   The infringement of Fairway Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

217.   On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices

(i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and GM is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

218.   On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. vehicle security system) used with CMDC devices for vehicle monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected

130

vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and GM is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

219.   The infringement of GM identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

220.   On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial

district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Whitaker Chevrolet is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

221.    On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. vehicle security system) used with CMDC devices for vehicle monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used

with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Whitaker Chevrolet is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

222.    The infringement of Whitaker Chevrolet identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity,

such as a permanent injunction is warranted and such a remedy would be in the public interest.

223.   On information and belief, FCA is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and FCA is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

224.   On information and belief, FCA is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC's multi-sensor detection system (i.e. vehicle security system) used with CMDC devices for vehicle monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC

devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and FCA is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

225.   The infringement of FCA identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

226.   On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Big O is thereby liable for infringement of the '990 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

227.   On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '990 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices

that includes, without limitation the CMDC's multi-sensor detection system (i.e. vehicle security system) used with CMDC devices for vehicle monitoring; the CMDC's internal or external remote/electrical lock disabler used with CMDC devices for locking and unlocking vehicle doors; the CMDC's remote ignition start/stop used with CMDC devices for starting and stopping the vehicle's engine; the CMDC's remote operating systems controls used with CMDC devices for operating the heating and cooling controls; the CMDC's global positioning system (GPS) used with CMDC devices for locating and tracking the vehicle; the CMDC's internet used with CMDC devices for mobile internet (i.e. the connected vehicle) to fit the dimensions of a CMDC device; the CMDC's central processing unit used with CMDC devices for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's radio frequency near-field communication (NFC) used with CMDC devices for short-range reading of NFC tags; the CMDC's lock disabling mechanism used with CMDC devices for locking the CMDC device after several failed attempts to open the CMDC device; and, the CMDC's biometric identification (i.e. fingerprint, facial) used with CMDC devices for identifying an authorized user of the CMDC device. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '990 patent and Big O is thereby liable for infringement of the '990

patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

228.    The infringement of Big O identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

**COUNT V**
**(Infringement of the '891 Patent)**

229.    Golden realleges and incorporates herein the allegations set forth in Paragraphs 1-228.

230.    On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, desktops, personal computers, smartwatches) including without limitation the CMDC device remote means of stalling, stopping, or slowing a vehicle by way of cellular, satellite, radio-frequency, internet, electromagnetic pulse, electrostatic discharge, or microwave beam. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device interconnected to a vehicle for

stalling, stopping, and/or slowing the vehicle have at a minimum directly and/or indirectly infringed the '891 patent and Ford is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

231.   On information and belief, Ford is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing pre-programmed stall, stop, or vehicle slowdown systems (PSSVSS) that includes, without limitation a PSSVSS for an autonomous or driverless vehicle; a PSSVSS for vehicle pre-crash forward acceleration; a PSSVSS for vehicle pre-crash reverse acceleration; a PSSVSS for vehicle lane departure; a PSSVSS for vehicle stabilization; a PSSVSS for vehicle unintended acceleration; a PSSVSS for vehicle moved outside a designated perimeter; or, a PSSVSS for vehicle adapted cruise control. As set forth in Golden's preliminary infringement contentions that Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '891 patent and Ford is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. Ford have caused damage to Golden, which infringement and damage will continue unless and until Ford is enjoined.

232.    The infringement of Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

233.    On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, desktops, personal computers, smartwatches) including without limitation the CMDC device remote means of stalling, stopping, or slowing a vehicle by way of cellular, satellite, radio-frequency, internet, electromagnetic pulse, electrostatic discharge, or microwave beam. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device interconnected to a vehicle for stalling, stopping, and/or slowing the vehicle have at a minimum directly and/or indirectly infringed the '891 patent and Fairway Ford is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

234.    On information and belief, Fairway Ford is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing pre-programmed stall, stop, or vehicle slowdown systems (PSSVSS) that includes, without limitation a PSSVSS for an autonomous or driverless vehicle; a PSSVSS for vehicle pre-crash forward acceleration; a PSSVSS for vehicle pre-crash reverse acceleration; a PSSVSS for vehicle lane departure; a PSSVSS for vehicle stabilization; a PSSVSS for vehicle unintended acceleration; a PSSVSS for vehicle moved outside a designated perimeter; or, a PSSVSS for vehicle adapted cruise control. As set forth in Golden's preliminary infringement contentions that Fairway Ford is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '891 patent and Fairway Ford is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. Fairway Ford have caused damage to Golden, which infringement and damage will continue unless and until Fairway Ford is enjoined.

235.    The infringement of Fairway Ford identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public interest.

236.   On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, desktops, personal computers, smartwatches) including without limitation the CMDC device remote means of stalling, stopping, or slowing a vehicle by way of cellular, satellite, radio-frequency, internet, electromagnetic pulse, electrostatic discharge, or microwave beam. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device interconnected to a vehicle for stalling, stopping, and/or slowing the vehicle have at a minimum directly and/or indirectly infringed the '891 patent and GM is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

237.   On information and belief, GM is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing pre-programmed stall, stop, or vehicle

142

slowdown systems (PSSVSS) that includes, without limitation a PSSVSS for an autonomous or driverless vehicle; a PSSVSS for vehicle pre-crash forward acceleration; a PSSVSS for vehicle pre-crash reverse acceleration; a PSSVSS for vehicle lane departure; a PSSVSS for vehicle stabilization; a PSSVSS for vehicle unintended acceleration; a PSSVSS for vehicle moved outside a designated perimeter; or, a PSSVSS for vehicle adapted cruise control. As set forth in Golden's preliminary infringement contentions that GM is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '891 patent and GM is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. GM have caused damage to Golden, which infringement and damage will continue unless and until GM is enjoined.

238.   The infringement of GM identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

239.   On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized

communications devices (i.e. smartphones, laptops, tablets, desktops, personal computers, smartwatches) including without limitation the CMDC device remote means of stalling, stopping, or slowing a vehicle by way of cellular, satellite, radio-frequency, internet, electromagnetic pulse, electrostatic discharge, or microwave beam. As set forth in Golden's preliminary infringement contentions that Whitaker Chevrolet is using, offering for sale, selling and/or importing of the CMDC device interconnected to a vehicle for stalling, stopping, and/or slowing the vehicle have at a minimum directly and/or indirectly infringed the '891 patent and Whitaker Chevrolet is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. Whitaker Chevrolet have caused damage to Golden, which infringement and damage will continue unless and until Whitaker Chevrolet is enjoined.

240.   On information and belief, Whitaker Chevrolet is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing pre-programmed stall, stop, or vehicle slowdown systems (PSSVSS) that includes, without limitation a PSSVSS for an autonomous or driverless vehicle; a PSSVSS for vehicle pre-crash forward acceleration; a PSSVSS for vehicle pre-crash reverse acceleration; a PSSVSS for vehicle lane departure; a PSSVSS for vehicle stabilization; a PSSVSS

for vehicle unintended acceleration; a PSSVSS for vehicle moved outside a

designated perimeter; or, a PSSVSS for vehicle adapted cruise control. As set forth

in Golden's preliminary infringement contentions that Whitaker Chevrolet is using,

offering for sale, selling and/or importing of the CMDC device have at a minimum

directly and/or indirectly infringed the '891 patent and Whitaker Chevrolet is

thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271.

Whitaker Chevrolet have caused damage to Golden, which infringement and

damage will continue unless and until Whitaker Chevrolet is enjoined.

241.   The infringement of Whitaker Chevrolet identified in this Count has

caused irreparable injury to Golden for which remedies at law are inadequate.

Considering the balance of the hardships between the parties, a remedy in equity,

such as a permanent injunction is warranted and such a remedy would be in the

public interest.

242.   On information and belief, FCA is jointly, directly and/or indirectly

infringing at least one claim of the '891 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, using,

offering for sale, selling and/or importing computerized communications devices

(i.e. smartphones, laptops, tablets, desktops, personal computers, smartwatches)

including without limitation the CMDC device remote means of stalling, stopping,

or slowing a vehicle by way of cellular, satellite, radio-frequency, internet,

electromagnetic pulse, electrostatic discharge, or microwave beam. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device interconnected to a vehicle for stalling, stopping, and/or slowing the vehicle have at a minimum directly and/or indirectly infringed the '891 patent and FCA is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

243.    On information and belief, FCA is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing pre-programmed stall, stop, or vehicle slowdown systems (PSSVSS) that includes, without limitation a PSSVSS for an autonomous or driverless vehicle; a PSSVSS for vehicle pre-crash forward acceleration; a PSSVSS for vehicle pre-crash reverse acceleration; a PSSVSS for vehicle lane departure; a PSSVSS for vehicle stabilization; a PSSVSS for vehicle unintended acceleration; a PSSVSS for vehicle moved outside a designated perimeter; or, a PSSVSS for vehicle adapted cruise control. As set forth in Golden's preliminary infringement contentions that FCA is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '891 patent and FCA is thereby liable for infringement of

146

the '891 patent pursuant to 35 U.S.C. § 271. FCA have caused damage to Golden, which infringement and damage will continue unless and until FCA is enjoined.

244.    The infringement of FCA identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

245.    On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, desktops, personal computers, smartwatches) including without limitation the CMDC device remote means of stalling, stopping, or slowing a vehicle by way of cellular, satellite, radio-frequency, internet, electromagnetic pulse, electrostatic discharge, or microwave beam. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device interconnected to a vehicle for stalling, stopping, and/or slowing the vehicle have at a minimum directly and/or indirectly infringed the '891 patent and Big O is thereby liable for infringement of

the '891 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

246.    On information and belief, Big O is jointly, directly and/or indirectly infringing at least one claim of the '891 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, using, offering for sale, selling and/or importing pre-programmed stall, stop, or vehicle slowdown systems (PSSVSS) that includes, without limitation a PSSVSS for an autonomous or driverless vehicle; a PSSVSS for vehicle pre-crash forward acceleration; a PSSVSS for vehicle pre-crash reverse acceleration; a PSSVSS for vehicle lane departure; a PSSVSS for vehicle stabilization; a PSSVSS for vehicle unintended acceleration; a PSSVSS for vehicle moved outside a designated perimeter; or, a PSSVSS for vehicle adapted cruise control. As set forth in Golden's preliminary infringement contentions that Big O is using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly and/or indirectly infringed the '891 patent and Big O is thereby liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271. Big O have caused damage to Golden, which infringement and damage will continue unless and until Big O is enjoined.

247.    The infringement of Big O identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering

the balance of the hardships between the parties, a remedy in equity, such as a

permanent injunction is warranted and such a remedy would be in the public

interest.

## COUNT VI
### (Infringement of the '497 Patent)

248.   Golden realleges and incorporates herein the allegations set forth in

Paragraphs 1-247.

249.   On information and belief, Apple is jointly, directly and/or indirectly

infringing at least one claim of the '497 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications

devices (i.e. smartphones, laptops, tablets, smartwatches) including without

limitation the CMDC device (i.e. monitoring equipment). As set forth in Golden's

preliminary infringement contentions that Apple is making, using, offering for sale,

selling and/or importing of the CMDC device have at a minimum directly

infringed the '497 patent and Apple is thereby liable for infringement of the '497

patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which

infringement and damage will continue unless and until Apple is enjoined.

250.   On information and belief, Apple is jointly, directly and/or indirectly

infringing at least one claim of the '497 patent in this judicial district and

elsewhere in South Carolina and the United States by, among other things, making,

using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC as monitoring equipment that is interconnected to a lock disabler for locking and unlocking doors; the CMDC's global positioning system (GPS) is used for locating and tracking; the CMDC's internet is used for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit is used for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's fingerprint biometric lock disabler is used for identification and for disabling a lock after multiple failed attempts to unlock the CMDC device; and, the CMDC's interchangeable sensors are used for chemical, biological, and radiological detection. As set forth in Golden's preliminary infringement contentions that Apple is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '497 patent and Apple is thereby liable for infringement of the '497 patent pursuant to 35 U.S.C. § 271. Apple have caused damage to Golden, which infringement and damage will continue unless and until Apple is enjoined.

251.    The infringement of Apple identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

252.   On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '497 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device (i.e. monitoring equipment). As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '497 patent and Samsung is thereby liable for infringement of the '497 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

253.   On information and belief, Samsung is jointly, directly and/or indirectly infringing at least one claim of the '497 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC as monitoring equipment that is interconnected to a lock disabler for locking and unlocking doors; the CMDC's global positioning system (GPS) is used for locating and tracking; the CMDC's internet is used for mobile internet to fit the dimensions of a CMDC device; the

CMDC's central processing unit is used for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's fingerprint biometric lock disabler is used for identification and for disabling a lock after multiple failed attempts to unlock the CMDC device; and, the CMDC's interchangeable sensors are used for chemical, biological, and radiological detection. As set forth in Golden's preliminary infringement contentions that Samsung is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '497 patent and Samsung is thereby liable for infringement of the '497 patent pursuant to 35 U.S.C. § 271. Samsung have caused damage to Golden, which infringement and damage will continue unless and until Samsung is enjoined.

254.    The infringement of Samsung identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

255.    On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '497 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications

devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device (i.e. monitoring equipment). As set forth in Golden's preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '497 patent and LG is thereby liable for infringement of the '497 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

256.   On information and belief, LG is jointly, directly and/or indirectly infringing at least one claim of the '497 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices that includes, without limitation the CMDC as monitoring equipment that is interconnected to a lock disabler for locking and unlocking doors; the CMDC's global positioning system (GPS) is used for locating and tracking; the CMDC's internet is used for mobile internet to fit the dimensions of a CMDC device; the CMDC's central processing unit is used for mobile application processing i.e. system-on-a-chip (SoC); the CMDC's fingerprint biometric lock disabler is used for identification and for disabling a lock after multiple failed attempts to unlock the CMDC device; and, the CMDC's interchangeable sensors are used for chemical, biological, and radiological detection. As set forth in Golden's

preliminary infringement contentions that LG is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '497 patent and LG is thereby liable for infringement of the '497 patent pursuant to 35 U.S.C. § 271. LG have caused damage to Golden, which infringement and damage will continue unless and until LG is enjoined.

257.    The infringement of LG identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

258.    On information and belief, Qualcomm is jointly, directly and/or indirectly infringing at least one claim of the '497 patent in this judicial district and elsewhere in South Carolina and the United States by, among other things, making, using, offering for sale, selling and/or importing computerized communications devices (i.e. smartphones, laptops, tablets, smartwatches) including without limitation the CMDC device (i.e. monitoring equipment). As set forth in Golden's preliminary infringement contentions that Qualcomm is making, using, offering for sale, selling and/or importing of the CMDC device have at a minimum directly infringed the '497 patent and Qualcomm is thereby liable for infringement of the '497 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to

Golden, which infringement and damage will continue unless and until Qualcomm
is enjoined.

259.    On information and belief, Qualcomm is jointly, directly and/or
indirectly infringing at least one claim of the '497 patent in this judicial district and
elsewhere in South Carolina and the United States by, among other things, making,
using, offering for sale, selling and/or importing computerized communications
devices that includes, without limitation the CMDC as monitoring equipment that
is interconnected to a lock disabler for locking and unlocking doors; the CMDC's
global positioning system (GPS) is used for locating and tracking; the CMDC's
internet is used for mobile internet to fit the dimensions of a CMDC device; the
CMDC's central processing unit is used for mobile application processing i.e.
system-on-a-chip (SoC); the CMDC's fingerprint biometric lock disabler is used
for identification and for disabling a lock after multiple failed attempts to unlock
the CMDC device; and, the CMDC's interchangeable sensors are used for
chemical, biological, and radiological detection.  As set forth in Golden's
preliminary infringement contentions that Qualcomm is making, using, offering for
sale, selling and/or importing of the CMDC device have at a minimum directly
infringed the '497 patent and Qualcomm is thereby liable for infringement of the
'497 patent pursuant to 35 U.S.C. § 271. Qualcomm have caused damage to

Golden, which infringement and damage will continue unless and until Qualcomm is enjoined.

260.   The infringement of Qualcomm identified in this Count has caused irreparable injury to Golden for which remedies at law are inadequate. Considering the balance of the hardships between the parties, a remedy in equity, such as a permanent injunction is warranted and such a remedy would be in the public interest.

## PRAYER FOR RELIEF

Wherefore, Golden respectfully requests that this Court enter:

A.     A judgment in favor of Golden that each defendant has infringed at least one of the '287 Patent, the '439 Patent, the 189 Patent, the '990 Patent, the '891 Patent and the '497 Patent as aforesaid;

B.     A permanent injunction enjoining each defendant, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents and all others acting in active concert or privity therewith from direct, indirect and/or joint infringement of the '287, '439, '189, '990, '891, and '497 patents as aforesaid pursuant to 35 U.S.C. § 283;

C.     A judgment and order requiring each defendant to pay Golden its damages with pre- and post-judgment interest thereon pursuant to 35 U.S.C. § 284;

D.     Any and all further relief to which the Court may deem Golden

entitled.

## **DEMAND FOR JURY TRIAL**

Golden requests a trial by jury on all issues so triable by right pursuant to

Fed. R. Civ. P. 38.

Respectfully submitted,

S/

Larry Golden, Petitioner, Pro Se

740 Woodruff Rd., #1102

Greenville, South Carolina 29607

(H) 864-288-5605 / (M) 864-992-7104

atpg-tech@charter.net