IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Larry Golden, | C/A No. 6:19-cv-02557-DCC-KFM |
| Plaintiff, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| Apple Inc., Samsung Electronics USA, LG Electronics USA Inc., Qualcomm Inc., Motorola Solutions Inc., Panasonic Corporation, AT&T Inc., Verizon Corporate Services Group, Sprint Corporation, T-Mobile USA Inc., Ford Global Technologies LLC, Fairway Ford Lincoln of Greenville, General Motors Company, Kevin Whitaker Chevrolet, FCA US LLC, Big O Dodge Chrysler Jeep Ram, | |
| Defendants. | |

The plaintiff, a non-prisoner proceeding *pro se*, brings this action asserting patent infringement against the defendants. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court.

The plaintiff's complaint was entered on the docket on September 11, 2019 (doc. 1). By order filed October 1, 2019, the plaintiff was informed that his complaint was subject to summary dismissal because it failed to state a claim upon which relief may be granted, and that he could attempt to cure the defects identified in his complaint by filing an amended complaint within fourteen days (doc. 12). The plaintiff was informed that if he failed to file an amended complaint or otherwise cure the deficiencies outlined in the order, the undersigned would recommend that his case be dismissed (*id*. at 7). On October 15,

2019, the plaintiff's amended complaint was entered on the docket (doc. 16). However, the undersigned recommends dismissal of the case because the amended complaint makes clear that the instant action is duplicative of pending litigation in the Court of Federal Claims.

## **FACTS PRESENTED**

In the instant action, the plaintiff has sued various corporations and business entities that he asserts have infringed on his patents (docs. 16; 16-1). Specifically, the plaintiff asserts that the defendants have infringed on the following patents: 10,163,287 ('287 patent); 9,589,439 ('439 patent); 9,096,189 ('189 patent); RE43,990 ('990 patent)[1]; RE43,891 ('891 patent); and 7,385,497 ('497 patent) (docs. 16; 16-1; 16-3; 16-4; 16-5; 16-6; 16-7; 16-8). These patents are entitled "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system" (docs.16; 16-1; 16-3; 16-4; 16-5; 16-6; 16-7; 16-8). The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other apparatuses wherein the explosives/radiation are detected. The plaintiff's complaint, consisting of 253 pages (in addition to the court's standard form) alleges infringement of each patent by each defendant in formulaic recitations of the elements of patent infringement (docs. 16; 16-1). Attached to the complaint in addition to the amended complaint and patents are more than seven hundred pages of exhibits and claim charts (docs. 16-9; 16-10; 16-11; 16-12; 16-13; 16-14; 16-15; 16-16; 16-17; 16-18; 16-19; 16-20; 16-21; 16-22; 16-23; 16-24; 16-25; 16-26; 16-27). For relief, the plaintiff seeks a declaratory judgment that the defendants have infringed on his patents, a permanent injunction enjoining the infringing activity by the defendants, as well as money damages (doc. 16-1 at 252).

---

[1] The plaintiff's authority to enforce the '990 patent appears to be at issue already in light of the petition pending before the United States Patent and Trademark Office. *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited January 8, 2020).

## **STANDARD OF REVIEW**

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## **DISCUSSION**

As an initial matter, the court takes judicial notice of the plaintiff's currently pending patent litigation in the Court of Federal Claims, the Court of Appeals for the Federal Circuit, and before the United States Patent and Trademark Office.[2] *See Golden v. United*

---

[2] *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

*States*, C/A No. 1:19-cv-00104-EGB (Fed. Cl.), *appeal pending* C/A No. 19-2134 (Fed. Cir.) ("Case Number 1"); *Golden v. United States*, C/A No 1:13-cv-00307-SGB, *stayed pending patent review*, doc. 186 (Fed. Cl.); *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited September 27, 2019). For the reasons that follow, as presented, the instant matter is subject to summary dismissal because as evidenced in the plaintiff's amended complaint (and exhibits), the instant action is duplicative of the action pending in the Court of Federal Claims.

Efficient judicial administration generally requires the federal courts to avoid duplicative federal litigation. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court." *Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-00895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (internal quotation marks omitted) (*quoting Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 697 (D.S.C. 2007)). Suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums." *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (*citing LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989)). In Case Number 1, extensive discovery and briefing on dismissal orders has occurred. *See Golden v. United States*, C/A No 1:13-cv-00307-SGB. Additionally, although currently stayed while the plaintiff re-opens the '990 patent, it appears that the claims construction process has begun. *Id*. at doc. 186. As outlined above, here, the defendants' alleged patent infringement is substantially identical to that asserted in Case Number 1, with the exception that the instant matter involves third parties as infringers instead of the government. Indeed, the claims construction charts provided by the plaintiff appear to be identical to those presented in

4

Case Number 1.  *Compare Golden v. United States*, C/A No 1:13-cv-00307-SGB at doc. 121 *with* docs. 16-14; 16-15; 16-16; 16-17; 16-18; 16-19; 16-20; 16-21; 16-22; 16-23; 16-24; 16-25; 16-26; 16-27).  Indeed, although the instant matter involves different defendants than Case Number 1, the plaintiff's filings make clear that they are third party actors for the government's infringing actions, which is the basis for Case Number 1.  For example, correspondence from the plaintiff (included in an order entered in Case Number 1) indicates that Case Number 1 and the instant matter involve the same infringing actions, indicating that the plaintiff would file a separate action in order to

> force Apple, Samsung, and LG to decide between one or two choices: (1) In an effort to avoid any responsibility for infringement or liability of paying hundreds of billions of dollars in damages, the companies cho[o]se to throw the Government under the bus by presenting evidence that they were under contract to develop and manufacture devices that infringes my communication/monitoring device.  If they cho[o]se this option it makes them a witness for me in my current case (*Larry Golden v. The United States*; Case # 13–307 C). (2) Deny the allegations of infringement. In this case I will present evidence to support the fact that the companies were under contract with the Government to develop and manufacture devices that infringe[ ] my communication / monitoring device, but that the companies decided to continue to develop and manufacture my communication / monitoring device beyond the specifications agreed upon with the Government, even after I notified the companies in 2010 to stop their manufacturing. If they cho[o]se this option it opens the companies up to willful infringement and the possibility of a temporary injunction to stop the manufacturing and development of my communication / monitoring device.  If you were Apple, Samsung, and LG which option would you cho[o]se?

*Golden v. United States*, 137 Fed. Cl. 155, 168 (alterations in original).  As such, the instant action is duplicative of Case Number 1:  the plaintiff asserts that the defendants are infringing on the same patents in the same manner as asserted in Case Number 1.  As such, the interests of justice weigh heavily in favor of dismissing this action in light of Case Number 1, which remains pending in the Court of Federal Claims (although it is currently stayed pending litigation before the patent board concerning the '990 patent).  *See Golden v. United States*, C/A No 1:13-cv-00307-SGB (Fed. Cl.); *see also Byerson v. Equifax Info.*

5

*Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (noting that "[m]ost prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments."). As such, the undersigned finds that dismissal of the instant action is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 615 (1964) (internal quotation marks and citation omitted).

## **RECOMMENDATION**

By order issued October 1, 2019, the undersigned gave the plaintiff an opportunity to correct the defects identified in his complaint and further warned the plaintiff that if he failed to file an amended complaint or failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed *with prejudice* and without leave for further amendment. Upon review of the amended complaint filed by the plaintiff, it is clear that the instant matter is duplicative of Case Number 1. Therefore, the undersigned recommends that the district court dismiss this action without prejudice and without issuance and service of process. However, the undersigned also recommends that the plaintiff not be provided with additional opportunities to amend his complaint in the instant matter—as any amendment would be futile in light of the pending duplicative litigation. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, the district court was directed on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order") (citing *Goode*

*v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)).  **The plaintiff's attention is directed to the important notice on the next page.**

        **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>
United States Magistrate Judge

January 9, 2020
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).