IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Larry Golden, | ) | Case No. 6:19-cv-02557-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Apple Inc., Samsung Electronics USA, | ) | |
| LG Electronics USA Inc., | ) | |
| Qualcomm Inc., Motorola Solutions | ) | |
| Inc., Panasonic Corporation, AT&T | ) | |
| Inc., Verizon Corporate Services | ) | |
| Group, Sprint Corporation, T-Mobile | ) | |
| USA Inc., Ford Global Technologies | ) | |
| LLC, Fairway Ford Lincoln of | ) | |
| Greenville, General Motors Company, | ) | |
| Kevin Whitaker Chevrolet, FCA US | ) | |
| LLC, Big O Dodge Chrysler Jeep Ram, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se,[1] brings this action alleging claims for patent infringement against Defendants. ECF No. 16. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On January 9, 2019, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice and without issuance of service of process. ECF No. 27. Plaintiff filed objections to the Report. ECF No. 30.

---

[1] Plaintiff paid the filing fee. ECF No. 1.

## **LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

The Magistrate Judge recommends dismissal of the present action as duplicative of another ongoing action in the Court of Federal Claims.[2] Plaintiff makes various objections, which the Court will address in turn.

---

[2] As noted by the Magistrate Judge, Plaintiff is engaged in ongoing patent litigation in the Court of Federal Claims, the Court of Appeals for the Federal Circuit, and the United States Patent and Trademark Office. See *Golden v. United States*, C/A No. 1:19-cv-0104-EGB (Fed. Cl.), *appeal pending* C/A No. 19-2134 (Fed. Cir.); *Golden v. United States*, C/A No 1:13-cv-00307-SGB, *stayed pending patent review*, doc. 186 (Fed. Cl.) ("Case Number 1"); *In re Patent Number* RE 43,990, https://portal.uspto.gov/pair/PublicPair# (choose patent number, enter RE43990, and then click Image File Wrapper) (last visited January 22, 2020). The Court may take

The Magistrate Judge provides a thorough recitation of the facts and procedural history which the Court incorporates by reference.[3] Briefly summarizing the relevant facts, Plaintiff sues various corporations and business entities that he asserts have infringed on his patents, including: 10,163,287 ; 9,589,439; 9,096,189; RE43,990 RE43,891; and 7,385,497. ECF Nos. 16; 16-1; 16-3; 16-4; 16-5; 16-6; 16-7; 16-8. These patents are entitled "multi sensor detection and lock disabling system" and "multi sensor detection, stall to stop and lock disabling system." ECF Nos. 16; 16-1; 16-3; 16-4; 16-5; 16-6; 16-7; 16-8. The patents appear to involve technology that can be used to detect explosives/radiation and then disable vehicles or other apparatuses wherein the explosives/radiation are detected. Plaintiff seeks a declaratory judgment that Defendants have infringed on his patents, a permanent injunction enjoining the infringing activity by Defendants, and money damages. ECF No. 16-1 at 252.

Upon de novo review of the record, the applicable law, and the Report, the Court finds that this action should be dismissed as duplicative of Plaintiff's Case Number 1. That action involves the same patents and the alleged infringement is substantially identical.

---

judicial notice of these other cases. *See Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

[3] The Court notes that Plaintiff's Amended Complaint is more than 250 pages in length and includes more than 700 pages of attachments. ECF No. 16.

Plaintiff contends that the purported infringement is not substantially identical. He states that he "is bringing this action because the Plaintiffs communication devices (does not include the communication devices use as 'detection devices' as claimed in Case Number 1) and stall, stop and vehicle slowdown systems (does not include the stopping of vehicles with the use of electromagnetic pulse as claimed in Case Number 1) are being manufactured, sold, used, and offered for sale by the alleged infringers as new and improved desktop computers, new and improved PDAs, PCs, laptops, cell phones, tablets, smartphones and smartwatches, and new and improved stall, stop, and vehicle slowdown systems etc." ECF No. 30 at 6.

In Plaintiff's Final Amended Complaint in Case Number 1, he asserts that the Government has infringed upon his patents related to communications devices. C/A No. 1:13-cv-00307-EGB (ECF No. 120 at 14–16). Moreover, Case Number 1 and the present action involve the same patents, as evidenced by Plaintiff's pleadings and claims charts.[4] Accordingly, this objection is overruled.

Plaintiff further objects to the dismissal of his case because he claims that he is barred from bringing a patent infringement case against a private party and the Government in the same court. This objection has no basis in the law and is overruled.[5]

---

[4] Plaintiff contends that this litigation does not involve the same patents as Case Number 1. He has provided no support this argument and the evidence presented by Plaintiff contradicts this assertion.

[5] To the extent Plaintiff argues that the Defendants in the present action are immune from suit in the Court of Federal Claims, has not pointed to, and the Court has been unable to find, any authority to support a theory that these Defendants would be treated differently in this Court.

Plaintiff argues in his objections that the Defendants in the present action are not the same as the Defendant in Case Number 1. As noted by the Magistrate Judge, this action involves third parties as infringers rather than the Government; however, the filings make clear that the Defendants are third-party actors for the Government's alleged infringing actions. Accordingly, the Court finds this action should be dismissed as duplicative because Plaintiff is alleging that the Defendants are infringing on the same patents in the same manner as asserted in Case Number 1. *See Nexsen Pruet, LLC v. Westport Ins. Corp.*, C/A No. 3:10-cv-00895-JFA, 2010 WL 3169378, at *2 (D.S.C. Aug. 5, 2010) (generally, a case pending in federal court "may be dismissed for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in another federal court" (internal quotation marks omitted) (quoting *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688, 697 (D.S.C. 2007))); *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991) (suits are considered parallel if "substantially the same parties litigate substantially the same issues in different forums" (citing *LaDuke v. Burlington N. R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989))); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (noting that "[m]ost prominent among the elements of systemic integrity are judicial economy and the avoidance of inconsistent judgments.").

## CONCLUSION

In light of the foregoing, this action is **DISMISSED**[6] without prejudice[7] and without issuance of service of process.

IT IS SO ORDERED.

                                                                       s/ Donald C. Coggins, Jr.
                                                                       United States District Judge

January 27, 2020
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[6] The Court finds Plaintiff should not be given a second opportunity to amend his complaint in the instant matter because any amendment would be futile in light of the pending duplicative litigation. *See Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015); *see also In re PEC Solutions, Inc. Sec. Litig.,* 418 F. 3d 379, 391 (4th Cir. 2005) ("Leave to amend need not be given when amendment would be futile.").

[7] In his objections, Plaintiff states that his claims will time barred if he is not allowed to proceed in this action. He has provided no support for this conclusory statement.